United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FRANCINE BACCHINI,        )<br>                                         )<br>           Plaintiff,            )<br>     v.                              )<br>                                         )<br> CAROLYN W. COLVIN,     )<br>                                         )<br>           Defendant.          )<br>_____) | Case No.: 5:14-cv-02751-PSG<br><br>**ORDER GRANTING PLAINTIFF'S AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>**(Re: Docket Nos. 18, 21)** |

Plaintiff Francine Bacchini suffers from what Defendant Carolyn Colvin, Acting Commissioner of Social Security, agrees are a "medically severe combination of impairments."[1] But based on a variety of physicians' opinions and Bacchini's testimony as to her daily activities, Colvin denied Bacchini's applications for disability insurance benefits and supplemental security income. Through an administrative law judge, Colvin determined that Bacchnini could work as an administrative clerk, a telemarketer and a payroll/timekeeper.[2] Because the ALJ's justification for discounting the opinions of certain examining and non-examining physicians was

---

[1] *See* Docket No. 9-4 at 17.

[2] *See id.* at 23-24.

1

Case No.: 5:14-cv-02751-PSG
ORDER GRANTING PLAINTIFF'S AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

insufficient, the court GRANTS Bacchini's motion for summary judgment, DENIES the Commissioner's motion for summary judgment and remands the case.[3]

**I.**

Through her administrative law judges, the Commissioner of Social Security evaluates claims using a sequential five-step evaluation process. In the first step, the ALJ must determine whether the claimant currently is engaged in substantial gainful activity, and if so, the claimant is not disabled and the claim is denied.[4] If the claimant currently is not engaged in substantial gainful activity, the second step requires the ALJ to determine whether the claimant has a "severe" impairment or combination of impairments that significantly limits the claimant's ability to do basic work activities; if not, the ALJ finds the claimant "not disabled" and the claim is denied.[5] If the claimant has a "severe" impairment or combination of impairments, the third step requires the ALJ to determine whether the impairment or combination of impairments meets or equals an impairment in the listing of impairments.[6] If so, disability is conclusively presumed and benefits awarded.[7]

If the claimant's impairment or combination of impairments does not meet or equal an impairment in the listing, the fourth step requires the ALJ to determine whether the claimant has

---

[3] *Cf. Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1039-1041 (9th Cir. 2003) (remanding for application the proper legal standard); *Edlund v. Massanari*, 253 F.3d 1152, 1160 (9th Cir. 2001) ("we reverse the . . . denial of benefits because the ALJ failed to apply the correct legal standard in rejecting Dr. Bremer's psychological evaluation").

[4] *See Lewin v. Schweiker,* 654 F.2d 631, 635 (9th Cir. 1981).

[5] *See id.*

[6] *See* 20 C.F.R. § 404 app. 1.

[7] *See id.*

2
Case No.: 5:14-cv-02751-PSG
ORDER GRANTING PLAINTIFF'S AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

sufficient "residual functional capacity"[8] to perform his or her past work; if so, the claimant is not disabled and the ALJ denies the claim.[9] It is the claimant's burden to prove that he or she is unable to perform past relevant work.[10] If the claimant meets this burden, a prima facie case of disability is established. The Commissioner then bears the burden of establishing that the claimant can perform other substantial gainful work,[11] comprising the fifth and final step in the sequential analysis.

The medical opinions of three types of medical sources are recognized in social security cases: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians)."[12] Generally, a treating physician's opinion should be accorded more weight than opinions of doctors who did not treat the claimant, and an examining physician's opinion is entitled to greater weight than a non-examining physician's opinion. *Id.* If the examining physician's opinion is uncontradicted, the Commissioner must provide "clear and convincing" reasons for rejecting the opinion.[13] Moreover, even if the opinion of the examining physician is contradicted by another doctor, it can only be rejected for "specific and legitimate

---

[8] A claimant's residual functioning capacity ("RFC") is what the claimant can still do despite existing physical, mental, nonexertional and other limitations. *See Cooper v. Sullivan,* 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).

[9] *See Drouin v. Sullivan,* 966 F.2d 1255, 1257 (9th Cir. 1992); *Gallant v. Heckler,* 753 F.2d 1450, 1452 (9th Cir. 1994).

[10] *See Drouin,* 966 F.2d at 1257.

[11] There are two ways for the Commissioner to meet the burden of showing that there is work in significant numbers in the national economy that the claimant can perform: (1) by the testimony of a vocational expert or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. § 404, Subpart P, Appendix 2. *See Tackett v. Apfel,* 180 F.3d 1094, 1099 (9th Cir. 1999).

[12] *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.1995).

[13] *Id.* at 830.

3
Case No.: 5:14-cv-02751-PSG
ORDER GRANTING PLAINTIFF'S AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

reasons" that are supported by substantial evidence in the record.[14] At bottom, an ALJ's conclusory reasons are not sufficient to justify rejection of a medical opinion.[15]

Nearly four and a half years ago, Bacchini filed a Title II application for a period of disability and disability insurance benefits as well as a Title XVI application for supplemental security income.[16] In both applications, Bacchini claimed disability beginning December 28, 2014.[17] The claims were denied initially, upon reconsideration, following a hearing[18] and upon administrative appeal for review.[19]

Bacchini now requests that this court remand the case back to the Commissioner for further administrative proceedings.[20] The Commissioner requests that the court affirm the Commissioner's final decision.[21]

**II.**

The court has jurisdiction under 28 U.S.C. § 1331. The parties further consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P.

---

[14] *Id.* at 830–31.

[15] *Regennitter v. Commissioner of Social Security Administration*, 166 F.3d 1294, 1299 (9th Cir.1999); *see also Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (holding that ALJ can meet the burden of specific and legitimate reasons by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [his or her] interpretation thereof, and making findings").

[16] *See* Docket No. 9-4 at 15.

[17] *See id.*

[18] *See id.*

[19] *See* Docket No. 10-1 at 2.

[20] *See id.* at 22.

[21] *See* Docket No. 11 at 1.

4
Case No.: 5:14-cv-02751-PSG
ORDER GRANTING PLAINTIFF'S AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

72(a).[22] The court finds this motion suitable for disposition on the papers in light of this court's local rules and Procedural Order.[23]

Pursuant to 42 U.S.C. § 405(g), this court has the authority to review the Commissioner's decision denying Bacchini her benefits. The Commissioner's decision will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards.[24] In this context, the term "substantial evidence" means "more than a scintilla but less than a preponderance—it is such relevant evidence a reasonable mind might accept as adequate to support the conclusion."[25] When determining whether substantial evidence exists to support the administrative record as a whole, the court must consider adverse as well as supporting evidence.[26] Where evidence exists to support more than one rational interpretation, the court must defer to the decision of the ALJ.[27] However, a non-examining physician cannot present substantial evidence unless corroborated.[28] Further, "[i]f additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded."[29]

---

[22] *See* Docket Nos. 6, 7.

[23] *See* Civil L.R. 7–1(b) ("In the Judge's discretion, or upon request by counsel and with the Judge's approval, a motion may be determined without oral argument or by telephone conference call."); Civil L.R. 16-5; Docket No. 4.

[24] *See Moncada v. Chater,* 60 F.3d 521, 523 (9th Cir. 1995); *Drouin,* 966 F.2d at 1257.

[25] *See Moncada,* 60 F.3d at 523; *Drouin,* 966 F.2d at 1257.

[26] *See Drouin,* 966 F.2d at 1257; *Hammock v. Bowen,* 879 F.2d 498, 501 (9th Cir. 1989).

[27] *See Moncada,* 60 F.3d at 523; *Drouin,* 966 F.2d at 1258.

[28] *See* 20 C.F.R. § 404.1527(d)(4); *Lester*, 81 F.3d at 831; *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (An opinion by a "non-examining medical expert . . . may constitute substantial evidence when it is consistent with other independent evidence in the record."); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) ("The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record . . . Generally, the more

## III.

Pursuant to 20 C.F.R. §§ 404.1520(a) and 416.920(a), the ALJ conducted the sequential five-step evaluation process for determining whether an individual is disabled. At step one, he found Bacchini had not engaged in substantial gainful activity since December 28, 2008 and met the insured status requirements through December 31, 2013.[30] At step two, the ALJ found Bacchini had "the following medically severe combination of impairments": degenerative disc disease of the cervical spine status post discectomy in 2003; exogenous obesity; obstructive sleep apnea; mood disorder; post-traumatic stress disorder; chronic depression disorder; anxiety disorder; an adjustment disorder with depressed mood; panic disorder; osteoarthritis; hypertension; carpal tunnel syndrome; fibromyalgia syndrome; asthma; right rotator cuff syndrome; diabetes mellitus with neuropathy; ocular and scalp psoriasis and a history of alcohol abuse in sustained full remission.[31] Based on the findings of psychological consultative examiner David Dahl, the records from Santa Clara Medical Center and Bacchini's testimony, the ALJ found Bacchini had mild-to-moderate limitation in activities of daily living and social functioning, mild limitation in concentration, persistence or pace and no episodes of decompensation.[32] Though Dahl and state agency non-examiner R. Paxton ultimately concluded

---

consistent an opinion is with the record as a whole, the more weight [the ALJ] will give to that opinion.").

[29] *See Lewin,* 654 F.2d at 635.

[30] *See* Docket No. 9-4 at 17.

[31] *See id.*

[32] *See id.* at 18-19.

6
Case No.: 5:14-cv-02751-PSG
ORDER GRANTING PLAINTIFF'S AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

that Bacchini's mental impairments caused more than "mild" limitation, the ALJ found her limitations were "barely severe."[33]

At step three, concurring with the opinions of the state agency medical consultants, the ALJ found Bacchini did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments.[34]

At step four, the ALJ found Bacchini had the RFC to perform "a wide range of light work," with a number of physical limitations, and "no more than frequent face-to-face interaction with the general public."[35] He found Bacchini's claims of intense, persistent and limiting symptoms were not credible to the extent they were inconsistent with "objective medical evidence" and her RFC.[36] The ALJ based his decision on the medical record, which in addition to showing pain, diabetes and depression, also detailed Bacchini's alertness, orientation, improvements, controlled asthma, activities such as back exercises and "typing like crazy," regular swimming, light or sedentary exertional work activities with the ability to lift 20 pounds occasionally and 10 pounds frequently and the ability to stand/walk for up to four hours without breaks.[37] The ALJ did not describe Bacchini's reported symptoms, Dahl's professional observations and Paxton's conclusions of her depression and moderate limitations in abilities to understand, remember and carry out detailed instructions and to interact appropriately with the

---

[33] *See id.* at 19; 20 C.F.R. §§ 404.1520a(d)(1) and 416.920a(d)(1).

[34] *See* Docket No. 9-4 at 19-20. Impairments are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926), as well as in criteria listings of 1.04, 3.03, 8.00, 12.04, 12.06 and 12.09.

[35] *See* Docket No. 9-4 at 20.

[36] *See id.* at 20, 22.

[37] *See id.*

7
Case No.: 5:14-cv-02751-PSG
ORDER GRANTING PLAINTIFF'S AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

general public.[38] The ALJ ultimately found Bacchini had not been under a disability since December 28, 2008, and though she was unable to perform any past relevant work, she was capable of employment as an administrative clerk, a telemarketer and a payroll/timekeeper.[39]

**IV.**

Having reviewed the ALJ's reasoning, considering adverse as well as reinforcing evidence,[40] the court finds substantial evidence and proper application of law do not support the ALJ's decision.[41] Because additional proceedings may remedy any defects in the original administrative proceedings, and the cumulative error outlined below is not harmless, the case is remanded for further fact-finding consistent with the following.[42]

The ALJ's holding that Bacchini's only mental limitation is a restriction to "frequent" in-person public contact does not sufficiently reconcile the findings, records and weight of the Santa Clara Medical Center, consultative examining psychologist Dahl[43] or state agency non-examiner Paxton.[44] As an examining source, Dahl's opinion may only be rejected for "clear and

---

[38] *See* Docket No. 10 at 18.

[39] *See* Docket No. 9-4 at 23-24.

[40] *See Drouin,* 966 F.2d at 1257; *Hammock,* 879 F.2d at 501.

[41] *See Moncada,* 60 F.3d at 523; *Drouin,* 966 F.2d at 1257.

[42] *See Lewin,* 654 F.2d at 635.

[43] *See* Docket No. 9-4 at 18.

[44] *See, e.g., Andrews v. Shalala*, 53 F.3d 1035, 1041 (1995) ("giving the examining physician's opinion more weight than the nonexamining expert's opinion does not mean that the opinions of nonexamining sources and medical advisors are entitled to no weight"); *Titles II & Xvi: Consideration of Admin. Findings of Fact by State Agency Med. & Psychological Consultants & Other Program Physicians & Psychologists at the Admin. Law Judge & Appeals Council*, SSR 96-6P (S.S.A. July 2, 1996) (an ALJ "must explain [the] weight given" to the opinion of a state agency consultant). Therapist Meredith Born's opinions were not entitled to special consideration, as she was not a "treating source" under the regulations. *See* C.F.R. §§ 404.1513; 416.913.

8
Case No.: 5:14-cv-02751-PSG
ORDER GRANTING PLAINTIFF'S AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

convincing" reasons if uncontradicted,[45] and if contradicted, may only be rejected for "specific and legitimate" reasons.[46] Here, the ALJ accorded "less weight to the opinion of Dr. Dahl because his opinion is not supported by the examination results and appear[s] to be largely based on the claimant's subjective reporting of her symptoms and abilities."[47] The ALJ's justification was far from "specific and legitimate" and at the very least constituted insufficient explanation. This is especially true because the ALJ's opinion was completely silent on Paxton, who corroborated Dahl's findings of moderate limitations.

***First***, the ALJ did not explain what examination results he was referring to in rejecting Dahl's diagnosis and opinion. Dahl's findings include observed reduced mobility, depression, tearfulness, improper subtraction of serial sevens and poor stress management.[48] He recorded reports of: a history of two suicide attempts, 19 years of therapy, reduced concentration, persistence, and pace, PTSD, difficulty focusing, insomnia, depressed mood, amotivation and anhedonia, as well as anxiety not apparently present.[49] Dahl found Bacchini "meets criteria for major depression . . . GAF = 58."[50] He opined moderately impaired ability to accept instructions from supervisors, mild-to-moderate impairment in ability to interact appropriately with coworkers and the public for the most part. Further, "[t]he claimant is not able to perform work activities consistently without accommodation at the present time and is moderately impaired. . . . not able to maintain regular attendance in the workplace and is moderately impaired . . . [and] not

---

[45] *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990).

[46] *Andrews*, 53 F.3d at 1043; *Lester*, 81 F.3d at 830-31.

[47] *See* Docket No. 9-4 at 18.

[48] *See* Docket No. 9-8 at 126-31.

[49] *See id.*

[50] *Id.*

9
Case No.: 5:14-cv-02751-PSG
ORDER GRANTING PLAINTIFF'S AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

able to deal with the usual workplace stressors and is moderately impaired."[51] These findings are consistent with treatment records from Santa Clara Medical Center that show a suicide attempt and regular fights with depression.[52]

The Commissioner's defense that non-examining sources do not necessarily deserve more than sparse consideration is irrelevant because Dahl acted as a consultative examining psychologist.[53] The ALJ's granting of "less weight" to Dahl's opinion required further explanation.

***Second***, as a non-examining source, Paxton's opinions on Bacchini's moderate functional limitations, based on Dahl's findings, were not entitled to more weight than Dahl's. But as in *Andrews* and *Gallant*, this does not mean that Paxton's opinions were "entitled to no weight" or could be completely ignored.[54] The ALJ should have "explain[ed] [the] weight given" to Paxton, which he did not do.[55]

***Third***, while the mild-to-moderate work-functions limitations Dahl and Paxton found may not necessarily be disabling,[56] the doctors were not wrong to "base their conclusions on

---

[51] *Id.*

[52] *See* Docket No. 9-4 at 18; Docket No. 9-9 at 15-25; Docket No. 9-10 at 1-103.

[53] Docket No. 11 at 5 (citing 20 C.F.R. §§ 404.1527(c)(3) ("because non-examining sources have no examining or treating relationship with you, the weight we will give their opinions will depend on the degree to which they provide supporting explanations for their opinions. We will evaluate the degree to which these opinions consider all of the pertinent evidence in your claim, including opinions of treating and other examining sources.")).

[54] *Andrews*, 53 F.3d at 1041; *Gallant*, 753 F.2d at 1456.

[55] S.S.R. 96-6p.

[56] *See Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007).

Bacchini's subjective reporting of her symptoms and abilities."[57]  Recognizing the valid role that reported history plays in the psychological evaluation process, courts have expressly rejected the notion that a psychological or psychiatric opinion is based on an unquestioned acceptance of a patient's reports simply because those reports are noted.[58]  There seems to be no doubt that Bacchini suffers from severe depression and pain and the ALJ's distinction between "reporting of symptoms" and "examination results" and definitions of "objective medical evidence" and "less

---

[57] *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (2007) (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir.1996) ("Thus, the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the *degree* of symptom alleged"); *Reddick v. Chater*, 157 F.3d 715, 722 (1998) ("[T]he Commissioner may not discredit the claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence.")); *Titles II & Xvi: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements*, SSR 96-7P, 1996 WL 374186, at *2 (S.S.A. July 2, 1996) (credibility finding "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight"); *Thomas*, 278 F.3d at 958-959 (finding an ALJ's credibility finding must be properly supported by the record and sufficiently specific to ensure a reviewing court that the ALJ did not "arbitrarily discredit" a claimant's subjective testimony).

[58] *See, e.g., Embrey v. Bowen,* 849 F.2d 418, 421-22 (9th Cir. 1988) ("subjective judgments of treating physicians" based on a claimant's history are relevant and "properly play a part in their medical evaluations"); *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008) (noting that "[a]n ALJ does not provide clear and convincing reasons for rejecting an examining physician's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations"); *Green-Younger v. Barnhart,* 355 F.3d 99, 107 (2d Cir. 2003) (noting that a treating physician's reliance on a claimant's reported symptoms "hardly undermines his opinions as to her functional limitations, as a patient's report of complaints, or history, is an essential diagnostic tool") (internal quotation marks, brackets, and citation omitted); *Hively v. Colvin*, Case No. 12-cv-02387-PHX (D. Ariz. Jan. 15, 2014) (disapproving the ALJ's discrediting of an examining physician's opinion on grounds that it was based on claimant's subjective complaints where such assumption not supported in record and law fails to support such a rationale); *Champoux v. Astrue*, Case No. 12-cv-02134-JEM (C.D. Cal. Oct. 31, 2012) ("the mere fact that [a physician] considered and reported Plaintiff's symptoms does not mean he accepted Plaintiff's symptoms uncritically.").

11
Case No.: 5:14-cv-02751-PSG
ORDER GRANTING PLAINTIFF'S AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

weight" are insufficiently clear.  This was legal error suggesting a "layperson's medical assessment,"[59] contrary to substantial evidence and applicable law.

## V.

The case is remanded for further findings consistent with this order.

**SO ORDERED.**

Dated: January 28, 2015

PAUL S. GREWAL
United States Magistrate Judge

---

[59] *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975) (holding an ALJ is forbidden from making his or her own medical assessment beyond that demonstrated by the record); *Nelson v. Barnhart*, Case No. 3:00-cv-2986-MMC, 2003 WL 297738, at *4 (N.D. Cal. Feb. 4, 2003) (faulting the ALJ for "substitut[ing] his own view of the effects of a mental impairment on a claimant for that of an examining psychologist" where the ALJ had cited the fact that a claimant was "able to complete psychological testing" as evidence refuting the examining psychologist's conclusion that she suffered disabling concentration deficits); *Embrey*, 849 F.2d at 421-22.

12
Case No.: 5:14-cv-02751-PSG
ORDER GRANTING PLAINTIFF'S AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT